UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **AUTOMATION GUARDING SYSTEMS, LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**INDUSTRIAL STEEL GUARDING, LLC,** *et al.***,**<br><br>Defendants. | 2:21-CV-10221-TGB-APP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR MONETARY DAMAGES AND ATTORNEY FEES AND COSTS (ECF NO. 55) |

Pending before the Court is Plaintiff's motion for an award of damages and attorney fees (ECF No. 55), authorized by the Court's August 22, 2022 order entering partial summary judgment in favor of Plaintiff in this case (ECF No. 52). The Court held a hearing regarding this motion on June 23, 2023.

Having considered the arguments presented at the hearing, the relevant case law, and the parties' representations at a later telephonic status conference, the Court concludes that questions of fact preclude any award of damages without a jury trial—and that, as a result, the attorney-fee request is not yet ripe. Plaintiff's motion will therefore be **DENIED**.

1

## I. BACKGROUND

### A. *Factual Summary*

Plaintiff Automation Guarding Systems (AGS) manufactures and sells steel fencing for industrial use. In 2019, after a long-time customer contacted the company with invoices he believed to be from an authorized reseller, AGS hired a forensic accountant and began to investigate irregularities in its financial records.

Based on the results of its investigation, AGS filed a multi-count complaint in Macomb County Circuit Court, naming as defendants two former employees, Evis Kola and Andi Papa—as well as two companies those employees had created, Industrial Steel Guarding and Steel-Guard Company. *See* ECF No. 1. The complaint alleged that, through an elaborate scheme, Kola and Papa had illegally diverted customers and product away from AGS—including by using AGS accounts to purchase inventory, posing as resellers of AGS products to AGS's existing customers, diverting payments for AGS products to their own companies, and manipulating AGS's records to cover their tracks.

### B. *Preliminary Proceedings*

AGS's complaint raised thirteen claims: fraud (Count I); fraudulent concealment (Count II); breach of fiduciary duty (Count III); common-law conversion (Count IV); statutory conversion, MCL § 600.2919a (Count V); common-law unfair competition (Count IV); violation of the Michigan Uniform Trade Secrets Act (Count VII); tortious interference (Count

VIII); unjust enrichment (Count IX); breach of contract (Count X); conspiracy (Count XI); fraudulent transfer (Count XII); and violation of the Lanham Act, 15 U.S.C. § 1125(a) (Count XIII).

Defendants removed the case to federal court. In a separate lawsuit, AGS also raised copyright-infringement claims in federal court against Steel-Guard Company. *Automation Guarding Systems, LLC v. Steel-Guard Company, LLC*, No. 20-13259 (E.D. Mich. Dec. 11, 2020). Because the cases involved common issues of fact, the Court entered an order consolidating them. ECF No. 34. The parties then submitted a proposed discovery plan, and the Court entered a scheduling order. ECF No. 37.

The scheduling order designated September 10, 2021 as the discovery cutoff, and October 12, 2021 as the deadline for dispositive motions. Neither party sought any extensions, and so on October 12, 2021, AGS moved for summary judgment on two of its claims: common-law conversion (Count IV) and statutory conversion (Count V). ECF No. 38. AGS's motion was supported by a report from its forensic accountant, Jeffrey Bagalis, who concluded that Kola and Papa stole at least $938,481 of AGS product. ECF No. 38-1, PageID.1210-86.

Defendants responded to AGS's motion (ECF No. 39) but elected not to file any summary-judgment motion of their own. Instead, months after the filing deadline, they sought leave to designate a new expert, asserting that they lost contact with the expert forensic accountant with whom they had been expecting to work. ECF No. 41. This request was referred

3

to Magistrate Judge Anthony P. Patti, who denied it after concluding that Defendants had known for at least a year that their preferred expert would not work with them. Judge Patti found no justification that would excuse Defendants' delay in seeking a new expert. ECF No. 43; ECF No. 50, PageID.2236-42. Defendants did not seek reconsideration.

After conducting a hearing on the summary-judgment motion, the Court entered partial summary judgment in favor of AGS on the conversion claims on August 22, 2022. ECF No. 52. The order directed AGS to prepare a motion for damages and attorney fees on those counts.

### C. Proceedings After Summary Judgment

After the Court granted partial summary judgment, Defendants filed a motion for reconsideration, which AGS moved to strike. The Court denied both motions. ECF No. 60.

Separately, AGS filed the motion for damages and attorney fees that the Court had authorized. ECF No. 55. Its motion included a request for an award of treble damages on its statutory-conversion claim. To assess whether the motion was ripe for adjudication, the Court ordered the parties to submit a joint report addressing the status of AGS's remaining claims. ECF No. 61. The parties responded that they intended to proceed to trial on the copyright claims but wished to dismiss the remainder of the claims.[1] ECF No. 62.

---

[1] In their report, the parties asked for and received permission to brief the issue of whether dismissal with or without prejudice was more

4

The Court held a hearing on the damages motion on June 23, 2023. At the hearing, the parties appeared to agree on some issues and expressed a willingness to continue trying to resolve others. Accordingly, the Court took the motion under advisement and encouraged the parties to enter into settlement discussions.

On August 16, 2023, the Court held a telephonic status conference to confer with the parties about the status of their discussions. The parties were unable to resolve their differences, so the Court will decide the pending motion. Having considered the positions advanced in the briefs, the relevant case law, the arguments presented at the hearing, and the parties' representations at the status conference, the Court concludes that the motion for damages and attorney fees is premature and must be denied.

## II. DISCUSSION

AGS's motion seeks entry of partial judgment as follows: (1) an award of $1,005,560.98 on the common-law conversion claim (compensatory damages in the amount of $938,481.00, as calculated by Mr. Bagalis, plus interest); (2) an award of $2,815,443.00 on the statutory-conversion claim (three times the amount of actual damages); (3) $282,100.00 in attorney fees; (4) $181,226.00 in expert fees; and (5) $7,227.76 in other costs. ECF No. 55, PageID.2617-18.

---

appropriate. *See* ECF Nos. 63, 64, 65, & 66. But they later stipulated to dismissal of the claims without prejudice. *See* ECF No. 76.

The proper measure of damages for a common-law conversion claim is "the value of the property converted in the open market at the time and place of conversion." *Bowen v. Detroit United Ry.*, 180 N.W. 495, 497 (Mich. 1920). Damages include "interest from the date of conversion." *Ehman v. Libralter Plastics, Inc.*, 523 N.W.2d 639, 640 (Mich. App. 1994).

On a claim of statutory conversion under MCL § 600.2919a, meanwhile, a plaintiff may recover treble damages. In full, the statute provides that:

> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:
>
>> a. Another person's stealing or embezzling property or converting property to the other person's own use.
>>
>> b. Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.
>
> (2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

MCL § 600.2919a.

As courts in this District have previously noted, in Michigan an award of treble damages does not automatically flow from a finding of conversion. *See, e.g., Hunt v. Hadden*, 127 F. Supp. 3d 780, 784 (E.D.

6

Mich. 2015) (Lawson, J.). MCL § 600.2919a's treble damages provision is punitive and "extend[s] beyond restoring" a plaintiff to her "original condition before the act of conversion." *Id.* (internal citations and quotations omitted). The provision is permissive, not mandatory. *See Aroma Wines & Equip., Inc. v. Columbian Distrib. Servs., Inc.*, 844 N.W.2d 727, 732 (Mich. App. 2013). Whether to award treble damages is therefore a question for the factfinder; the Court may not "simply order treble damages upon a finding of conversion." *Id.*

During oral argument at the June 23, 2023 hearing, AGS acknowledged that treble-damages awards generally must come from a jury. It argued, however, that the Court's conclusion at summary judgment—specifically, its ruling that Defendants were liable for conversion under an embezzlement theory—necessarily translated to a treble-damages award. According to AGS, the Court's conclusion included a finding that Defendants engaged in "active" and "willful" misconduct—which is traditionally required in Michigan for punitive-damage awards. Additionally, since Defendants neither challenged Bagalis's report nor submitted any evidence countering his calculations at summary judgment, AGS argued that the amount of actual damages was fixed at the $938,481.00 figure he had calculated.

Defendants, for their part, insisted on a trial on damages. They acknowledged that they lacked an expert but challenged AGS's position

7

that the amount of actual damages had been fixed. They suggested that they could be entitled to cross-examine Bagalis at a trial.

Later, during the telephonic status conference on August 16, 2023, both parties appeared to agree that a jury trial would be required in order to determine the issue of the treble-damages award. They represented to the Court that they were working together to prepare factual stipulations for that purpose.

Having reviewed the relevant case law, the Court concludes that a jury must try the issue of damages. The Michigan Court of Appeals has uniformly required trials for treble damages on claims for statutory conversion—even when liability has already been determined. *See Aroma Wines & Equip., Inc.*, 844 N.W.2d at 732 ("[W]hether to award treble damages is a question for the trier of fact, and we cannot simply order treble damages upon a finding of conversion."); *see also Pantall Gallup, LLC v. Alnouri*, Nos. 314852 & 314855, 2014 WL 5793945, at *18-*19 (Mich. App. Nov. 6, 2014) ("The term 'may' is permissive and indicates discretionary activity. Thus, under the language in MCL 600.2912a(1), treble damages … are discretionary. Accordingly, whether to award treble damages is a question for the trier of fact." (internal citations and quotations omitted)); *Poly Bond, Inc. v. Jen Tech Corp.*, No. 290429, 2010 WL 2925428, at *4 (Mich. App. July 27, 2010) ("As the trial court concluded, the phrase 'may recover' in MCL 600.2919a indicates that treble damages are permissive, not mandatory. Thus, a trier of fact has

8

discretion to decide whether to award them when a person has sustained actual damages as a result of another person converting property.").

Another fact question exists because the summary-judgment order did not fix an amount that was converted. The order concluded only that there was no dispute that Defendants converted *some* product and therefore owe AGS *something*. But the question of how much they owe remains undecided.[2]

The Michigan Court of Appeals has approved trial plans similar to the one proposed here—*i.e.*, trials based on stipulated facts. *See, e.g.*, *Howard v. Nat'l City Mortg.*, No. 323118, 2016 WL 146104 (Mich. App. Jan. 12, 2016) (bench trial on stipulated facts). Since the summary-judgment order did not fix the amount converted, and the parties may yet reach an agreement on that number, the Court concludes that any award of damages at this juncture is premature. The same follows for an award of attorney fees, since live claims remain pending.

### III. CONCLUSION

For the reasons explained above, Plaintiff's motion for damages and attorney fees is **DENIED** as premature. A trial-setting order will follow.

---

[2] As Plaintiffs observed during the hearing on this motion, discovery has long been closed in this matter. The Court acknowledges that the Defendants have recently retained new counsel. But they remain bound by the scheduling order that is presently in effect—and the strategic decisions of their former counsel, who chose not to retain an expert or depose his opponent's while discovery was open.

**IT IS SO ORDERED**, this 7th day of September, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge